# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIANE ATIVIE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 10977 |
| | ) |
| NORTHSHORE UNIVERSITY HEALTHSYSTEM, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant NorthShore University Health Systems' (NorthShore) motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

## BACKGROUND

Plaintiff Diane Ativie (Ativie) contends that she is a 57-year-old African-American female and that she began working for NorthShore as a social worker in 1995, and that she continues to be employed by NorthShore. Ativie contends that while working for NorthShore she was subjected to remarks by patients and co-workers relating to her race. Ativie also contends that she suffered certain adverse actions. For example, Ativie contends that her job title was changed, that her job

1

responsibilities were changed, that she did not get input on job assignments, that she was given poor performance evaluations, and that she was denied salary increases. Ativie claims that such actions were taken against her because of her race and age. Ativie includes in her complaint a claim alleging discrimination based on her race brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* (Count I), a race discrimination claim brought under 42 U.S.C. § 1981 (Section 1981) (Count II), and a claim alleging discrimination based on her age brought under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.* (Count III). NorthShore now moves for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a

light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I.  Title VII and ADEA Claims

NorthShore argues that the Title VII and ADEA claims are untimely. A plaintiff seeking to bring Title VII or ADEA claims must "file her suit within 90 days from the date the EEOC gives notice of the right to sue." *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999)(stating that the "90-day period begins to run when the claimant receives actual notice of her right to sue" but that "the actual notice rule does not apply to plaintiffs who fail to receive actual notice through their own fault"). The record reflects that Ativie received notice of the EEOC Notice of Rights in regard to her claims on September 5, 2015, and that she needed to file her Title VII and ADEA claims by December 4, 2015. Ativie, however, did not file the instant action until December 7, 2015.

Ativie admits that the deadline was on December 4, 2015, and that the filing was not made until December 7, 2015, (Resp. 4-5), but argues that the court should employ the tolling doctrines and allow her to proceed in this matter on her Title VII and ADEA claims. Under the doctrine of equitable tolling, a plaintiff can "avoid the bar of the statute of limitations if despite all due diligence [s]he is unable to obtain

vital information bearing on the existence of h[er] claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990); *see also Knauf Insulation, Inc. v. S. Brands, Inc.*, 820 F.3d 904, 908 (7th Cir. 2016)(stating that "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing")(internal quotations omitted)(quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Ativie merely indicates in a conclusory manner without a detailed explanation that her counsel was mixed up about what day of the week December 4, 2015 fell on and missed the deadline. Such an explanation fails to show that her claims were diligently pursued and fails to provide a sufficient justification for allowing the limitations period to run. The Seventh Circuit has made clear that "[e]quitable tolling is reserved for rare instances in which a plaintiff was prevented in some extraordinary way from filing h[er] complaint in time." *Blanche v. United States*, 811 F.3d 953, 962 (7th Cir. 2016)(internal quotations omitted)(quoting *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001)); *see also Rosado v. Gonzalez*, 832 F.3d 714, 718 n.3 (7th Cir. 2016)(indicating that "a lawyer's error in allowing a statute of limitations to run is not the type of extraordinary circumstance justifying equitable tolling"); *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001)(stating that "[g]enerally, a lawyer's mistake is not an extraordinary circumstance justifying the application of equitable tolling"). There has been no showing by Ativie of extraordinary circumstances that would toll the limitations

4

period in this case. Ativie also argues that Federal Rule of Civil Procedure 6 applies. (Resp. 4). Ativie, in making such arguments, also inexplicably references parties and dates from another case, such as when she makes reference to "the Plaintiff at his Washington, D.C. home" and a letter dated October 26, 2015. (Resp. 4). Also, as NorthShore correctly points out the Notice of Rights sent by the EEOC is not a pleading covered by Rule 6 and Rule 6 provides no relief to Ativie in this instance. Therefore, NorthShore's motion for summary judgment on the Title VII and ADEA claims is granted.

II. Section 1981 Claims

NorthShore contends that Ativie has failed to point to sufficient evidence to support her Section 1981 Claim. Ativie argues that she can proceed under the indirect method of proof. (Resp. 10). Under the indirect method of proof, a plaintiff must establish a *prima facie* case by showing: (1) that "she is a member of a protected class," (2) that "she met [her employer's] legitimate job expectations, (3) that "she suffered an adverse employment action," and (4) that "similarly situated employees outside of the protected class were treated more favorably." *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 342 (7th Cir. 2016). If the plaintiff establishes a *prima facie* case, the "burden shifts to [the employer] to give a legitimate, nondiscriminatory reason for" its action, and, if given, the burden shifts back to the plaintiff to show that the given reason was a pretext for unlawful discrimination. *Id.*;

5

*see also Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 892 (7th Cir. 2016)(giving *prima facie* case elements for a failure-to-promote claim).

A. Local Rule 56.1 Admissions

NorthShore argues that Ativie has admitted certain facts pursuant to Local Rule 56.1. Pursuant to Local Rule 56.1 a plaintiff seeking to dispute a fact in a statement of material facts must cite to evidence in the record that supports the disputed position. LR 56.1; *Boyd v. City of Chicago*, 2016 WL 7157354, at *4 (N.D. Ill. 2016). In the absence of such a citation, the fact is deemed to be undisputed. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)(stating that "Local Rule 56.1's enforcement provision provides that when a responding party's statement fails to controvert the facts as set forth in the moving party's statement in the manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion" and that "a failure to respond by the nonmovant as mandated by the local rules results in an admission"); *see also Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)(stating that "a district court is entitled to expect strict compliance with Rule 56.1"). In addition, argumentative, vague, evasive, and ambiguous responses are not sufficient to render a fact disputed under Local Rule 56.1. *Moore-Fotso v. Bd. of Educ. of the City of Chicago*, 2016 WL 5476235, at *1 (N.D. Ill. 2016); *Jankovich v. Exelon Corp.*, 2003 WL 260714, at *5 (N.D. Ill. 2003).

In response to NorthShore's statement of material facts numbers 14, 15, 21, 23, 24, 27, 33, and 41, Ativie attempts to dispute facts, but fails to cite to the record

to support her responses. (RSF Par. 14, 15, 21, 23, 24, 27, 33, 41). Ativie's responses also appear to include notes as to potential citations she might provide such as in response to statement of material fact number 15, where she adds "(cite DA)" and to number 24 where she adds "(cite to transcripts and emails)." (RSF Par. 15, 24). However, absent an actual citation to the record and page number directing the court to the specific portion of an exhibit, such a response is inadequate. In response to statement of material fact paragraph number 13, Ativie cites to an "Exhibit C" but she fails to provide a page number to the exhibit and fails to designate any filing of such an exhibit on the docket. (RSF Par. 13). The court notes that Ativie filed an "Exhibit D and F" on the docket that consists of 206 pages, but it is incumbent on Ativie to direct the court to the correct portion of the record. (DE 26). In response to statement of material fact number 10, Ativie responds "undisputed in part," but she fails to specify which portion is disputed. (RSF Par. 10). In response to statement of material fact numbers 21 and 34, Ativie provides no response at all. (RSF Par. 21, 34). In response to statement of fact numbers 37 and 38, Ativie responds that she lacks sufficient knowledge to admit or deny such facts as though responding to the allegations of a complaint, but Local Rule 56.1 does not provide such an alternative. LR 56.1. (RSF Par. 37, 38). Ativie also includes in her responses that certain facts are undisputed and then appends various argumentative statements to render the responses ambiguous. For example, in response to statement of material fact paragraph number 25, Ativie does not respond admitted or disputed and only states: "the items listed below are only the ones she could recall at the time

of the deposition. Include those from the notes chart." (RSF Par. 25). In her response to statement of material fact number 40, she responds "undisputed and Defendant has not produced any evidence to prove otherwise to strengthen its Defense." (RSF Par. 40). Ativie also provides certain unclear responses such as to statement of material fact number 27, where she responds "Both race and age go to pick up deposition at the beginning." (RSF Par. 27). The end result of Ativie's lack of compliance with Local Rule 56.1 is that she did not properly dispute any of the facts in NorthShore's statement of material facts. Therefore, NorthShore's statement of material facts are deemed to be undisputed.

Ativie's statement of additional facts also thoroughly fail to comply with Local Rule 56.1. Ativie provides citations to the record that do not support the facts provided in statement of additional facts. (SAF Par. 7, 8, 9, 10, 11, 13, 15, 21, 23, 26, 27, 29, 32, 33). For example, in statement of additional fact paragraph number 6, Ativie states that "Northshore has a discrimination and harassment policy but does not follow it or enforce it with it[s] employees." (SAF Par. 7). Ativie cites vaguely to "Raymond pg. 58 L 17." (SAF Par. 7). It appears that Ativie was citing to page 58, line 17 of the transcript of the deposition of Elizabeth Raymond (Raymond). However, on page 58, Raymond did not state that NorthShore does not follow its anti-discrimination policy. What Raymond said is that having a policy in place cannot "control the behavior of the employees." (Raymond Dep. 58). Raymond explained in detail that if despite the policy in place, employees engaged in

harassment, they reported it to Raymond and she took steps to ensure that it was addressed. (Raymond Dep. 58-60).

Another example is in Ativie's response to statement of additional fact paragraph number 10. Ativie states that "Whites are often promoted within the company without even applying nor having the education or experience to hold such positions," and that "[t]his includes the promotion of Rinta Lane, Barbara Hawking, and Rachael." (SAF Par. 10). Ativie cites to page 109, line 19 of Raymond's deposition transcript. (SAF Par. 10). A review of that page of the transcript however shows no reference to Ativie's stated facts in paragraph number 10. Ativie also fails to specifically cite to the record to support certain facts. (SAF Par. 6, 14, 20). Thus, to the extent that Ativie has failed to comply with Local Rule 56.1 in her statement of additional facts, such facts are stricken as improper.

### B. *Prima Facie* Case

Ativie argues that she can proceed under the indirect method of proof. However, she has not pointed to any evidence showing that she suffered an adverse action that would constitute an adverse employment action. Generally, poor performance reviews and lack of minor pay bonuses are not sufficient to constitute an adverse employment action. *Langenbach v. Wal-Mart Stores, Inc.*, 761 F.3d 792, 799 (7th Cir. 2014); *Nasserizafar v. Indiana Dep't of Transp.*, 546 F. App'x 572, 575 (7th Cir. 2013); *Maclin v. SBC Ameritech*, 520 F.3d 781, 788 (7th Cir. 2008). NorthShore has also shown that Ativie in fact was given pay raises and substantial

increases in her salary during her employment. (RSF Par. 36-37). The undisputed facts show that since September 2005 Ativie received a salary increase every year ranging from between 2.0% and 4.3% and, that during her employment her salary has actually doubled from approximately $37,000 to approximately $75,000. (RSF Par. 36).

In regard to Ativie's claim that her job title was changed at one point, it is undisputed that there was "no change in her compensation" and her salary and salary grade remained the same. (RSF Par. 14-15). In regard to Ativie's allegations as to change in work assignments and lack of input on work assignments, she has not pointed to any evidence that shows such actions, and even if true, they did not materially change the terms and conditions of her employment. Ativie has thus failed to point to evidence showing that she suffered a material adverse employment action.

NorthShore argues that Ativie also failed to identify a similarly situated employee outside the protective class who was treated more favorably. Ativie responds by pointing to discovery requests she claims to have sent to NorthShore during the discovery period in this case regarding certain employees. However, this case is now at the summary judgment stage, and it is incumbent on Ativie to point to evidence to support her case. *Gekas v. Vasiliades*, 814 F.3d 890, 896 (7th Cir. 2016)(stating that summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events")(internal quotations omitted)(quoting *Johnson v.*

*Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)). Ativie cannot rely on discovery requests to support her claims. Ativie also complains that NorthShore "failed to supply [Ativie] with the necessary documents to do a comparison. . . ." (Resp. 13). However, the discovery period has long since ended in this case. Ativie had ample opportunity to file a motion to compel and seek any additional discovery that she believed she was entitled to receive. Ativie filed no motion to compel. Ativie thus failed to establish a *prima facie* case.

### C. Pretext

NorthShore argues that even if Ativie established a *prima facie* case, she has not shown that the reasons given were a pretext. Ativie points to evidence showing that she believed that certain actions were taken because of her race, but she fails to cite to evidence in the record to support her subjective belief. Although Ativie contends that other social workers outside the protected class were paid more, she admits that she does not know what any other social workers at NorthShore were paid. (RSF Par. 40). It is undisputed that since at least 2010, Ativie's salary has never been lower than 92 percent of the top of the salary range for social workers at NorthShore. (RSF Par. 38). Ativie also admits that her performance reviews were the result of fair and unbiased assessments of her work performance. (RSF Par. 24). Ativie fails to point to sufficient evidence to establish a pretext. Based on the above, NorthShore's motion for summary judgment on the Section 1981 claim is granted.

The court also notes that in *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016) the Seventh Circuit, recently held that the district courts should no longer employ the "direct - and -indirect framework," which included the "two tests" that were known as the direct method of proof and indirect method of proof. *Id.* at 765-66 (stating that the direct and indirect methods of proof "complicate[d] matters by forcing parties to consider the same evidence in multiple ways (and sometimes to disregard evidence that does not seem to fit one method rather than the other)"); *see also Cole v. Board of Trustees of Northern Illinois University*, 838 F.3d 888, 899 (7th Cir. 2016)(stating that the court must "look past the ossified direct/indirect paradigm"). The Seventh Circuit held that a plaintiff can defeat a defendant's motion for summary judgment under the *Ortiz* reasonable factfinder method by pointing to sufficient evidence to show that a reasonable factfinder could "conclude that the plaintiff's [protected characteristic] caused the . . . adverse employment action." *Ortiz*, 834 F.3d at 765 (stating that "[e]vidence must be considered as a whole"). The Seventh Circuit, however, also indicated that it was not barring a plaintiff from proceeding under the *McDonnell Douglas* burden-shifting method, which was commonly referred to in the past as the indirect method of proof. *Ortiz*, 834 F.3d at 766. Ativie indicated that she chose to proceed under the *McDonnell Douglas* burden-shifting method. However, even under the direct method of proof or the *Ortiz* reasonable factfinder method, Ativie has failed to point to sufficient evidence to defeat NorthShore's motion on any of her claims in this action.

12

## CONCLUSION

Based on the foregoing analysis, NorthShore's motion for summary judgment is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 23, 2017